UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>MICHAEL TURNER,<br><br>  Defendant. | CASE NO. MJ 18 – 055<br><br>DETENTION ORDER |

Offenses charged in Complaint:

*Count 1*: Possession of crack cocaine with intent to distribute

*Count 2*: Possession of firearm in furtherance of a drug trafficking offense

Date of Detention Hearing:   February 15, 2018.

The Court, having conducted a detention hearing pursuant to 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition or combination of conditions which defendant can meet will reasonably assure the safety of other persons and the community.

DETENTION ORDER
PAGE -1

FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

(1) The United States alleges that defendant is a principal figure in a drug trafficking organization distributing crack cocaine and other controlled substances in the Pioneer Square area of Seattle. Clyde McKnight is alleged to be the leader of this organization. Patrick Tables and Jonathan Rushing are also allegedly members. The affidavit in support of the Complaint documents a drug transaction in which defendant Turner, Tables and Rushing all participated.

(2) During a search of defendant's residence, law enforcement officers secured the following:

(a) *Firearms.* There were five, all in defendant's bedroom. Three assault rifles were in the closet. A loaded Glock was in the drawer of the bedside table on defendant's side of the bed. Another loaded Glock was under the mattress on his wife's side. She told law enforcement that all the weapons belonged to defendant. Defendant argues that he is a "recreational shooter" and had permits for the weapons. While this might well be true, it does not explain, for example, the need for loaded Glocks in the bedside table and under the mattress. There clearly were other purposes for his possession of highly dangerous weapons.

(b) *Drugs.* 22.1 grams of crack cocaine, which the United States contends represented about 200 doses. There was also a large quantity of marijuana.

(c) *Cash.* A safe in the residence contained about $39,000.

(3) These facts establish that defendant, if released, would pose a significant danger to other persons and the community.

(4) Defendant has some history of using cocaine and other drugs. It is not clear, however, that he has done so in the recent past.

(5) Defendant is a life-long resident of King County, and lives with his family. This suggests he might not be a serious risk to flee from the area if released. But his criminal record includes a clear and long-standing pattern of failures to make his court appearances as required. The charges in this case, and the potential penalties, are more serious than any he has faced before. There might, therefore, be substantially more incentive, for him to leave the area, if released. If flight risk were the only problem, the court could attempt to address it with appropriate limitations and conditions.

(6) There are no conditions, however, which would reasonably assure that defendant would not pose a danger to other persons and the community.

[Note: the court does not rely on the rebuttable presumption in making this determination, because there has been no proceeding which adequately establishes probable cause to believe defendant committed the offenses charged in the Complaint. There has, as yet, been no Preliminary Hearing on the Complaint; and no Indictment].

It is therefore ORDERED:

1. Defendant shall be detained pending further proceedings and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

DETENTION ORDER
PAGE -3

2. Defendant shall be afforded reasonable opportunity for private consultation with counsel;

3. On order of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding;

4. The Clerk shall direct copies of this Order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 15th day of February, 2018.

_____
John L. Weinberg
United States Magistrate Judge

DETENTION ORDER
PAGE -4