UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL TURNER, <br><br> Defendant. | CR18-16 TSZ <br><br> ORDER |

THIS MATTER comes before the Court on defendant Michael Turner's motion for compassionate release, docket no. 625. Having reviewed all papers filed in support of, and in opposition to, the motion, the Court enters the following order.

**Background**

Defendant pleaded guilty to conspiracy to distribute controlled substances and possession of firearms in furtherance of a drug trafficking crime, and was sentenced on July 10, 2019, to sixty (60) months and one (1) day in the custody of the United States Bureau of Prisons ("BOP"), with 5 years of supervised release to follow. *See* Judgment (docket no. 240). Defendant has been in custody since his arrest on February 13, 2018. *See* Detention Orders (docket nos. 8 & 21). He is currently incarcerated at the Federal

ORDER - 1

Correctional Institution in Sheridan, Oregon ("FCI Sheridan"), with a projected release date of May 20, 2022.  He seeks immediate release on the ground that his age (52), race (African-American), and medical conditions (hypertension, severe obesity, chronic osteoarthritis, including debilitating knee and intermittent back pain, pre-diabetes, kidney and urologic concerns, cardiac symptoms, including an irregular heartbeat, chest pain, and shortness of breath, and sleep apnea) increase the possibility of acute illness or death from Coronavirus Disease 2019 ("COVID-19").  The Court GRANTS the motion for the reasons stated in this order.

**Discussion**

A sentence is generally considered final and may not be altered except in limited circumstances.  *See* 18 U.S.C. § 3582(b); *see also* *Dillon v. United States*, 560 U.S. 817, 824 (2010).  Pursuant to the First Step Act of 2018, however, a defendant may directly request a reduction in the term of incarceration after exhausting administrative remedies.[1] *See* 18 U.S.C. § 3582(c)(1)(A).  To obtain relief, defendant must show (i) the existence of "extraordinary and compelling reasons" supporting a reduction; and (ii) his release would be consistent with the sentencing factors set forth in 18 U.S.C. § 3553(a), and the applicable policy statement issued by the United States Sentencing Commission (the "Commission").  *See* 18 U.S.C. § 3582(c)(1)(A).

---

[1] The Government concedes that defendant has met the prerequisite of exhaustion.  Response at 7 (docket no. 630).

ORDER - 2

### A. Extraordinary and Compelling Reasons

In determining whether "extraordinary and compelling reasons" exist, the Court considers the "helpful guidance" offered by the application notes to United States Sentencing Guideline ("USSG") § 1B1.13. *See United States v. Lineberry*, 2020 WL 6685044 at *1 (W.D. Wash. Nov. 12, 2020). The Government acknowledges that defendant's severe obesity (weight of 330 pounds and BMI of 44.8) is a risk factor under Centers for Disease Control and Prevention (CDC) guidelines and heightens his risk of severe complications or death if he contracts COVID-19. Defendant's age, race, and other medical conditions also collectively raise the risks to defendant and support the request for a compassionate release at this time. Defendant has made the requisite showing of "extraordinary and compelling reasons" for compassionate release. *See United States v. Locke*, 2020 WL 3101016 (W.D. Wash. June 11, 2020).

### B. Applicable Sentencing Factors and Policy Statement

Both the statute at issue and the Commission's policy statement require the Court to consider the applicable sentencing factors set forth in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A); USSG § 1B1.13. The policy statement further mandates that a defendant may be granted compassionate release only if he or she is "not a danger to the safety of any other person or to the community," as evaluated in the manner outlined in 18 U.S.C. § 3142(g). *See* USSG § 1B1.13(2). Sections 3142(g) and 3553(a) have substantial overlap, both indicating that the Court should take into account (i) the nature and circumstances of the charged offense, (ii) the history and characteristics of the defendant, and (iii) the nature and seriousness of the danger to any person or the

community that would be associated with the defendant's release.  *See* 18 U.S.C. §§ 3142(g)(1), (3), & (4), and 3553(a)(1) & (2)(C).  Section 3553(a) also directs the Court to choose sentences that promote respect for the law, impose just punishment for the offense, afford adequate deterrence, provide training, medical care, and correctional treatment in the most effective manner, and avoid sentence disparities among similarly-situated defendants.  18 U.S.C. §§ 3553(a)(2) & (6).

  The Court concludes that a reduction in defendant's sentence is consistent with these various factors. The Government expresses legitimate concerns about defendant's drug trafficking convictions and his possession of numerous firearms at the time of his arrest.  Defendant, however, had a criminal history score of one (1), had never been convicted of a violent offense, and has completed the Residential Drug Abuse Program (RDAP) while in prison.  He has also faced tremendous adversity throughout his life, as outlined in Probation's Sentencing Recommendation, docket no. 229.  The Court also notes that defendant's last conviction was for a misdemeanor (marijuana possession) over ten (10) years before the instant conviction in this case.   In addition, the Court is persuaded that defendant's poor health will inhibit him from engaging in similar conduct after his release, and that the risks associated with COVID-19 will motivate defendant to remain compliant with the conditions of supervised release.  To risk defendant's health and possibly his life under all the circumstances does not promote respect for the law, impose just punishment, avoid sentencing disparities, or provide medical care and correctional treatment in the most effective manner.

ORDER - 4

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1) Defendant's motion for compassionate release, docket no. 625, is GRANTED, and defendant's term of imprisonment is reduced to time served, **provided as follows**:

    (a) To alleviate fears about defendant's potential future dangerousness and to avoid disparity in sentences for similar crimes, the remaining unserved portion of defendant's term of imprisonment shall be served on supervised release, <u>see</u> 18 U.S.C. § 3582(c)(1)(A), followed by the previously imposed five-year period of supervised release;

    (b) Supervised release shall commence immediately upon defendant's release from custody, during which time defendant shall be subject to the mandatory, standard, and special conditions of supervision set forth in the Judgment, docket no. 240;

    (c) To ensure that defendant does not transmit a known pathogen to the community, defendant shall be placed in quarantine at FCI Sheridan for a 14-day period prior to his release; if defendant tests positive for the coronavirus that causes COVID-19 at any time during the quarantine period, BOP shall notify the Government, which will immediately notify the Court so that this Order may be appropriately modified;

    (d) Defendant shall contact the United States Probation Office in Seattle within 24 hours of his release and follow all instructions he is given.

(2)   The Clerk is directed to send a copy of this Order to all counsel of record.

IT IS SO ORDERED.

Dated this 17th day of December, 2020.

Thomas S. Zilly
United States District Judge